Seward, J. (orally).
This is a suit brought to recover damages from the York Construction Company for negligently shutting off the water on Tuscarawas street in this city. The petition alleges that the defendant unlawfully and negligently shut off the water from' Tuscarawas street; that he owned and occupied a house on that street, and that while the water was shut off the house took fire; that on account of the water being shut off, he had no fire protection, and that the house and contents were destroyed. He seeks to recover damages for negligently, carelessly and unlawfully shutting off the water from that street.
A demurrer is interposed to this petition, raising the question as to whether, if the facts as alleged in this petition are admitted, *400 the plaintiff has any cause of action against the York Construction Company.
In the 86 Southwestern Reporter, page 997, there is a case, which was not referred to in the briefs, where it is held that where a motorman of a street car negligently ran over a water hose, while being used to extinguish a fire, and cut the hose, that the company was liable.
In the 197 Mass. Rep., there is a case very similar, where a steam railway company ran its cars over a hose that was being operated for the’ extinguishment of a fire. The fire compiany were obliged to lay the hose across the railroad track. Instead of stopping its train, the company ran over the hose, and severed the hose, when the fire company had the fire pretty well under control. By reason of the negligent act of the railway company in running its cars over the hose and severing the hose, the building burned down. It was a manufacturing plant. It was held that the negligence of the company in running over the hose was the proximate cause of the damage sustained by the defendant.
The proximate cause is that which naturally produces a common result—such a result as might be expected, naturally, to flow from such a cause, and suggests itself to the mind of any reasonable man as likely to flow out of the performance, or non-performance of an act.
But the court thinks that this act charged against the York Construction Company is too remote to be a cause of action against the defendant company. In these cases where the defendants were held liable, they were actually playing on' the fire at the time; the hose were being used in playing on the fire, to extinguish it, and had it partly extinguished when they interfered with it.
In this ease, the petition simply says that the York Construction Company negligently—it does not say when; it might have been a week or a day or a month—it simply says that it shut off the water, and thereby prevented the plaintiff from having fire protection from water.
The court thinks that it is too remote, and that the petition does not show that it was the proximate cause of the injury; and the demurrer may be sustained and exceptions.